Edward N. Gewirtz (EG6801)
BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------X

ELLYNN GREENHAUS and LAURIE GERSH, derivatively
on behalf of themselves and all other similarly situated
shareholders of West Hills Day Camp, Inc.,

                                                                     21 cv 4849

                             Plaintiffs,

                                                         COMPLAINT

        v.

KEVIN GERSH,

                             Defendant

           and

WEST HILLS DAY CAMP, Inc.

                        nominal Defendant.

----------------------------------------------------------------------------X

Plaintiffs, Ellynn Greenhaus and Laurie Gersh, derivatively on behalf of themselves and all other similarly situated shareholders of West Hills Day Camp, Inc. (collectively, "Plaintiffs"), by and through their attorneys, Bronstein, Gewirtz & Grossman, LLC, as and for their Complaint against Defendants, Kevin Gersh and nominal Defendant West Hills Day Camp, allege as follows, upon information and belief:

THE PARTIES

1.     Plaintiff Ellynn Greenhaus ("Ellynn") is an individual residing in Suffolk County, New York.

1

2.    Plaintiff Laurie Gersh ("Laurie") is an individual residing in Mint Hill, North Carolina.

3.    West Hills Day Camp, Inc. ("West Hills") is a New York Corporation with a primary place of business at 21 Sweet Hollow Road, Huntington, Suffolk County, New York.

4.    Defendant Kevin Gersh ("Kevin") is an individual who resides in the State of Utah.

5.    Kevin is the owner of all or a majority of the voting shares of West Hills and currently serves as all its officers and as its sole Board Member. See Minutes of Board Meeting appointing Kevin as sole Board Member annexed hereto and made a part hereof as Exhibit A.

Non Parties Controlled By Kevin

6.    Non-party Gersh Academy, Inc. ("Gersh Academy") is a New York corporation with a primary place of business at 150 Broadhollow Road, Suite 120, Melville, Suffolk County, New York.

7.    Kevin is the sole or majority shareholder of Gersh Academy.

8.    Non-party West Hills Montessori School Inc. ("Montessori") is a New York corporation with a primary place of business at 150 Broadhollow Road, Suite 120, Melville, Suffolk County, New York.

9.    Kevin is the sole or majority shareholder of Montessori.

10.    Non-party Gersh Management Services, Inc. ("Gersh Management") is a New York corporation with a primary place of business at 21 Sweet Hollow Road, 2nd Floor, Huntington, Suffolk County, New York.

11.    Kevin is the sole or majority shareholder of Gersh Management.

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because complete diversity exists between Plaintiffs, residents of New York and North Carolina, and Defendant a resident of Utah.  The New York residence of the nominal defendant does not defeat diversity jurisdiction.  Moreover, this action involves an amount in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

13.    Each Defendant is subject to personal jurisdiction by virtue of its contacts with the Eastern District of New York where West Hills is located. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## BACKGROUND

14.    There are two hundred (200) outstanding shares of stock in West Hills.

15.    The stock of West Hills is comprised of twenty (20) Class A voting common shares and one hundred and eighty (180) Class B non-voting common shares.

16.    The shares were formerly included in the Edward I. Gersh 2012 Irrevocable Trust (the "Trust"), of which Kevin was Trustee, and which assets have now been distributed.

17.    Ellynn is a shareholder of West Hills, owning forty-five (45) Class B non-voting common shares.

18.    Laurie is a shareholder of West Hills, owning forty-five (45) Class B non-voting common shares.

3

19.     Non-party Roxanne Gersh O'Brien is a shareholder of West Hills, owning forty- five (45) Class B non-voting common shares.

20.     Kevin is a shareholder of West Hills, owning forty-five (45) Class B non-voting common shares and twenty (20) Class A voting shares.

21.     Kevin, by self-appointment, currently serves as the only officer of West Hills and as its sole Board Member as shown by Exhibit A hereto.

22.     At all relevant times Kevin has had complete control over West Hills, its financial affairs, its management and operations.

23.     By letter from other counsel dated November 13, 2014, Kevin was placed on formal notice by shareholders Ellynn and Laurie of his duty as a fiduciary to West Hills, and was requested to account for any profits derived from any transactions connected with the business of West Hills or from any use of the property or assets of West Hills.

24.     The November 13, 2014 letter to Kevin also constituted a written demand by Plaintiffs, as shareholders, for a written statement of account covering all transactions since the last accounting or since the creation of the Trust.

25.     By letter from West Hills counsel dated November 24, 2014, Ellynn and Laurie were informed that such information was being compiled and would be furnished on or before January 15, 2015.

26.     Kevin failed to produce any documents by January 15, 2015.

27.     Eventually, a 2014 Profit and Loss Statement and Balance Sheet for West Hills were produced, which represented only a small fraction of the documents Laurie and Ellynn requested in the accounting demand.

4

28. By letter dated February 3, 2015, Laurie and Ellynn renewed their demand for documentation as to any profits derived from any transactions connected with the business of West Hills or from any use of the property or assets of West Hills.

29. After significant delay, counsel for West Hills eventually produced a limited amount of bank records on April 2, 2015.

## DERIVATIVE NATURE OF ACTION

30. Plaintiffs bring this action derivatively in the right, and for the benefit, of West Hills to redress injuries suffered, and to be suffered, by West Hills as a direct result of the breaches of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, looting and unjust enrichment by Kevin.

31. Plaintiffs will adequately and fairly represent the interests of West Hills and its shareholders in enforcing and prosecuting its rights.

32. Plaintiffs are the owners of West Hills Class B non-voting common shares and were the owners of West Hills Class B non-voting common shares at all times relevant to Kevin's wrongful course of conduct alleged herein.

33. At the time that this action was commenced and at all relevant times upon which the actions detailed herein occurred, Kevin was the sole director, officer, and voting shareholder of West Hills.

34. Based on those of the facts which are alleged herein which are alleged to have occurred prior to 2015, Plaintiffs earlier commenced an action in the Supreme Court of the State of New York, Suffolk County under Index No. 605905/2015 (the "State Court Action") seeking the relief sought in this complaint.

5

35. The First, Second, Fourth and Sixth causes of action alleged in the State Court Action survived a motion to dismiss, but were then dismissed in an Order dated March 8, 2021 solely for what the State Court Justice found was the Plaintiffs' failure to follow the BCL§626 procedural predicate of making a demand of the West Hills Board, that the Board seek the requested relief prior to bringing a derivative suit.

36. This action is brought within 6 months of the dismissal of the prior State Court Action on procedural grounds.

37. While Plaintiffs believe making a demand of the Board of Directors of West Hills to seek the relief requested herein would be futile, in view of Kevin being the sole Board Member (Exhibit A), Plaintiffs in an abundance of caution have in fact made a formal demand of the West Hills Board, to provide the relief sought herein by furnishing Kevin, the sole Board Member, through his counsel, a copy of this Complaint prior to its filing.

38. As of the date of filing of this Complaint the West Hills Board has not agreed to cause Kevin to provide the relief sought herein, and waiting any further may raise statute of limitations issues for Plaintiffs.

39. Kevin breached the fiduciary duties he owed to West Hills and its shareholders by perpetuating the conduct alleged herein.

40. If Kevin were to bring this derivative action against himself, he would thereby expose his own misconduct, which admissions would impair his defense of the action and greatly increase the probability of his personal liability.

41. Accordingly, a demand would be futile as Kevin knew of and directly benefited from the wrongdoing complained of herein and thus faces a substantial

likelihood of liability for breach of fiduciary owed to West Hills.

42.    Furthermore, the conduct complained of herein could not have been the product of good faith business judgment of Kevin, because through his intentional misconduct, he has subjected West Hills to substantial diminution in value and lost profits.

WEST HILLS FINANCIAL RECORDS REVEAL<br>MISAPPROPRIATION OF FUNDS BY KEVIN FOR HIS OWN BENEFIT

43.    The financial records of West Hills reveal numerous examples of misappropriation of West Hills' funds by Kevin, at the expense of West Hills and its shareholders, for his own personal gain and for the gain of others having nothing at all to do with West Hills, including other entities of which he is a shareholder.

44.    According to the financial records of West Hills, in 2013, while in control of West Hills, Kevin made thirteen (13) payments in the total amount of $400,302.80 from West Hills' funds to non-party Gersh Academy, of which Kevin is a shareholder, and there was no legitimate business purpose for the payments to Gersh Academy from West Hills.

45.    According to the financial records of West Hills, in 2013, while in control of West Hills, Kevin made two (2) payments in the total amount of $17,629.33 from West Hills' funds to non-party West Hills Montessori, of which Kevin is a shareholder, and there was no legitimate business purpose for the payments to West Hills Montessori School from West Hills.

46.    According to the financial records of West Hills, in 2013, while in control of West Hills, Kevin made five (5) payments from West Hills' funds to non-party Gersh Management, of which Kevin is a shareholder.

47.    Such payments, in the amounts of $10,000.00, $237,647.00, $200,000.00, $10,871.12, and $5,223.48, total $463,741.60. The $200,000 payment, made on April 20, 2013, was labeled "Buffalo Closing Loan" in the West Hills financial records.

48.    Kevin owns property in Buffalo, New York, and there was no legitimate business purpose for these payments to Gersh Management from West Hills.

49.    According to the financial records of West Hills, while in control of West Hills, in the second half of 2012 and in 2013, Kevin made twenty-seven (27) payments from West Hills funds to Cletus Seldin, a professional boxer, in the amount of $183.70 each, plus one (1) payment in the amount of $7,500.00, for a total sum to Mr. Seldin of $12,459.90. In addition, according to the financial records of West Hills, Kevin caused West Hills to pay $349.80 in plane fare for Mr. Seldin to travel from New York to West Palm Beach, Florida. West Hills also obtained $800.00 in bartered limousine services (in exchange for free camp tuition for West Hills) to transport Mr. Seldin. There was no legitimate business purpose for the payments to or on behalf of Mr. Seldin from West Hills.

50.    According to the financial records of West Hills, while in control of West Hills, Kevin paid himself $50,000.00 on November 18, 2013 from West Hills' funds, which amount was separate from any payroll due to Kevin. The West Hills financial records label this transaction as a "short term loan," but Kevin never repaid this "loan."

51.    According to the financial records of West Hills, while in control of

8

West Hills, Kevin paid $9,600.00 to the Duncan Group on February 14, 2013, and there was no legitimate business purpose for this payment to the Duncan Group from West Hills.

52. Kevin also made $8,916.00 in political donations from the funds of West Hills in 2013, while in control of West Hills, for which there was no legitimate business purpose.

53. Kevin has given $100,379.00 to "KG friends/family" in free or discounted tuition for West Hills.

54. According to the financial records of West Hills, in 2012, while in control of West Hills, Kevin made payments from West Hills to himself for personal items, including $8,500.00 for a Cayman Islands Prime Week timeshare, $800.00 for tickets to a Dave Matthews Band concert, and $3,000.00 for tickets to a Cheap Trick concert.

55. While in control of West Hills, Kevin also entered into a bartering arrangement with National Commerce Exchange on behalf of West Hills. Kevin bartered free camp tuitions for West Hills in exchange for, *inter alia:*

- $44,500.00 for "KG personal furniture" in 2013;

- Between $30,000.00 and $60,000.00 in services for his wedding in 2014;

- $2,500.00 for "week vacation by KG";
- $10,000.00 in salon services fro1n Anthony Defranco Salon in 2012, followed by an additional $25,500.00 in services fro1n the salon; and

- $3,250.00 in services from Leisure Lawn (with the description "Kevin's house").

56. While in control of West Hills, Kevin also caused, and continues to cause, West Hills to pay for other expenses, such as domain names unrelated to West

Hills but closely related to his other entities, including gershautismcamp.com, autismcampny.com, and longislandautismcamp.com, as well as for personal expenses unrelated to West Hills business.

57.    Kevin has further diverted funds from West Hills as detailed in a forensic accountant's report by Gettry Marcus, dated March 18, 2018, annexed hereto and made a part hereof as Exhibit B.

58.    Upon information and belief Kevin has further collected rent on behalf of West Hills for a parcel/house West Hills owns located at 7 Sweet Hollow Road, Huntington, NY, but has not remitted the collected rent to West Hills.

32.    Upon information and belief Kevin closed down the day camp run by West Hills so that Kevin could use the West Hills' campground and facilities solely for other businesses Kevin owns including those of Gersh Academy, Gersh Management and Montessori.

## FIRST CLAIM
### (Breach of Fiduciary Duty)

33.    Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth at length herein.

34.    As the President, sole voting shareholder, and sole person 1n control of the finances of West Hills, Kevin owed Plaintiffs, as shareholders of West Hills, a fiduciary duty of trust, loyalty, and confidence that he would act in the best interest of West Hills and its shareholders during the course of his tenure.

35.    By reason of his position and his ability to control the business, Kevin's fiduciary duty required him to exercise candor, unselfishness, good faith, and diligence in

10

the administration of the affairs of West Hills and in the use and preservation of its property and assets, and the highest obligations of fair dealing.

36.    Kevin breached his fiduciary duty to Plaintiffs by taking funds rightfully belonging to West Hills and misappropriating such funds for his own personal benefit and pecuniary gain.

37.    Kevin further breached his fiduciary duty to Plaintiffs by concealing and intentionally misrepresenting to them his diversion and misappropriation of funds belonging to West Hills.

38.    Kevin owed a fiduciary duty not to act to the exclusion and detriment of West Hills and Plaintiffs.

39.    Kevin, by his complete and exclusive control over West Hills' financial affairs and day-to-day operations, used his influence as President, sole voting shareholder and sole person in control of the finances of West Hills to enter into transactions without regard to their inherent fairness and otherwise prejudiced and harmed West Hills and the interests of Plaintiffs.

40.    Kevin owed a duty to West Hills and its shareholders to prudently supervise, manage, and control the operations, business, and internal financial matters of West Hills.

41.    Kevin, by his actions, and by engaging in the wrongdoing alleged herein, abandoned and abdicated his responsibilities and duties with regard to prudently managing the business of West Hills in a manner consistent with the duties imposed upon him by law.

42.    Kevin has repeatedly failed to pay the debts of West Hills.

11

43.    By committing the misconduct alleged herein, and because of the neglect of or failure to faithfully discharge his duties in the management and disposition of corporate assets in his charge, Kevin breached his duty of due care, diligence, and candor in the management and administration of West Hills' affairs and in the use and preservation of West Hills' assets.

44.    During the course of the discharge of his duties, Kevin was aware of his actions and the losses associated with his misconduct. Nevertheless, Kevin continued to cause damage to West Hills, thus breaching his duties to West Hills and its shareholders. As a result, Kevin grossly mismanaged West Hills, thereby causing damage to West Hills.

45.    Kevin failed to faithfully discharge his duties as President, sole voting shareholder, and sole person in control of the finances of West Hills and breached his fiduciary duty to both West Hills and its shareholders through the acquisition by himself and transfer to others of corporate assets resulting in loss and waste.

46.    As a direct result of Kevin's breach of his fiduciary duty, Plaintiffs have been damaged in an amount to be determined at trial, but believed to be at least $5,000,000.

### SECOND CLAIM
**(Fraudulent Concealment by Fiduciary against Kevin)**

47.    Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth at length herein.

48.    As the President, voting shareholder, and sole person in control of the finances of West Hills, Kevin owed Plaintiffs, as shareholders of West Hills, a fiduciary

12

duty of trust, loyalty, and confidence that he would act in the best interest of West Hills and its shareholders during the course of his tenure as President and as the voting shareholder of West Hills.

49.    As the President and sole voting shareholder of West Hills, Kevin has a duty to disclose material information to the shareholders of West Hills upon demand, both under common law and the Business Corporation Law, and he failed to do so.

50.    Kevin intentionally misrepresented, concealed, and kept secret from Plaintiffs the financial records of West Hills and the funds from the company that Kevin was taking for his own personal gain.

51.    Kevin's concealment includes, *inter alia,* his numerous promises, through counsel, to respond to the demands for an accounting and his deliberate withholding of all such records at first, and continued withholding of the balance of the records requested in the accounting demand.

52.    Kevin intended to deceive Plaintiffs by concealing the financial records of West Hills because he did not want them to learn that he was looting West Hills for his own personal gain.

53.    Plaintiffs justifiably relied on Kevin's misrepresentations in that he was and remains the President and sole voting shareholder and officer of West Hills, and therefore owes Plaintiffs a fiduciary duty to not conceal financial information to which they are entitled as shareholders.

54.    As a direct result of Kevin's fraudulent concealment and Plaintiffs reliance thereon, Plaintiffs have been damaged in an amount to be determined at trial, but believed to be at least $5,000,000.

## THIRD CLAIM
### (Constructive Trust)

55.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth at length herein.

56.     Kevin permitted cash, property, property rights, business methods and contractual rights of West Hills to be diverted to himself or other entities fully controlled by Kevin for his own personal advantage.

57.     Kevin caused to be paid or allowed to be paid to himself excessive and unreasonable amounts of compensation.

58.     As the sole voting shareholder and President of West Hills, Kevin owed a fiduciary duty to Plaintiffs as shareholders of West Hills.

59.     Defendant has been unjustly enriched as the result of his negligent and intentional failure to perform his duties as President and sole voting shareholder of West Hills.

60.     By reason of the facts set forth above, Kevin has been unjustly enriched and the assets of West Hills are in danger of being further dissipated.

61.     Plaintiffs have no adequate remedy at law.

62.     As such, to protect and preserve Plaintiffs' interest in West Hills, Plaintiffs are entitled to the imposition of a constructive trust on all West Hills' income, accounts, assets, and other benefits for the duration of this proceeding, and an order directing Kevin to disgorge to West Hills (and its shareholders derivatively) any and all revenues or gains derived from his actions.

## FOURTH CLAIM
### (Failure to Account against Kevin)

63.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth at length herein.

64.     At all times mentioned Kevin has and continues to have exclusive control and possession of the books, records and other documents pertaining to West Hills.

65.     Plaintiffs have demanded that Kevin account to Plaintiffs by furnishing Plaintiffs with the financial reports and an accounting of all of West Hills' affairs.

66.     Kevin has refused to furnish Plaintiffs with a full accounting of the financial affairs of West Hills, all without just cause and thus depriving Plaintiffs of their rightful share and interest in West Hills and concealing Kevin's misconduct.

67.     Plaintiffs have no adequate remedy at law.

68.     As a result of the foregoing, Plaintiffs request an order directing Kevin to furnish Plaintiffs with a full accounting for all equity in, profits from and monies received, disbursed and retained through the financial affairs of West Hills.

WHEREFORE, Plaintiffs Ellynn Greenhaus and Laurie Gersh, derivatively on behalf of themselves and all other similarly situated shareholders of West Hills, demand judgment as follows:

(i)     On the first claim against Kevin, damages In an amount to be determined at trial, but believed to be at least $5,000,000;

(ii)     On the second claim against Kevin, damages In an amount to be determined at trial, but believed to be at least $5,000,000;

(iii)     On the third claim, in consequence of Kevin's breach of his fiduciary

15

duty to Plaintiffs throughout the duration of the actions complained herein, that the Court impose a constructive trust on all West Hills' income, accounts, assets, and other benefits for the duration of this proceeding, an order directing Kevin to disgorge to West Hills (and its shareholders derivatively) any and all revenues or gains derived from his actions;

(iv)    On the fourth claim against Kevin, an order compelling Kevin to furnish Plaintiffs with a full accounting for all equity in, profits from and monies received, disbursed and retained through the financial affairs of West Hills;

(v)    Together with the costs and disbursements of the action, including attorneys', accountants', and experts' fees, costs and expenses, together with interest; and

(vi)    Such other and further relief as the Court deems just, proper, and equitable.


Dated:   August 21, 2021

                                    Bronstein, Gewirtz & Grossman, LLC

                    By:        /s/ Edward N Gewirtz
                               Edward N. Gewirtz (EG6801)
                               NY Bar No. 2705671
                               60 East 42nd Street, Suite 4600
                               New York, NY 10165
                               (212) 697-6484
                               Attorneys for Plaintiffs
                               Chona@bgandg.com

16